IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DEANA AMON                                                                                          PLAINTIFF

v.                                               CIVIL NO. 20-5205

KILOLO KIJAKAZI,[1]  Acting Commissioner
Social Security Administration                                                                      DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Deana Amon, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on September 4, 2018, alleging an inability to work since June 1, 2014,[2] due to a heart arrythmia, acid reflux, insomnia, anxiety, depression, and chronic pain.  (Tr. 61, 191).  For DIB purposes, Plaintiff maintained insured status through December 31, 2019. (Tr. 16, 200). An administrative telephonic hearing was held on May 14, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 40-59).

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] Plaintiff amended her alleged onset date to January 5, 2018. (Tr. 15, 46).

1

By written decision dated June 19, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 18). Specifically, the ALJ found that through the date last insured, Plaintiff had the following severe impairments: status post, mitral valve replacement; atrial fibrillation; osteoporosis; a spine disorder; asthma/chronic obstructive pulmonary disease (COPD); obesity; depression; and anxiety. However, after reviewing all of the evidence presented, the ALJ determined that through the date last insured, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 20). The ALJ found that through the date last insured Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b), except as follows:
>
> Specifically, the claimant is able to climb stairs, and balance, stoop, kneel, crouch, and crawl, occasionally. The claimant cannot climb ladders. She can occasionally reach overhead (bilaterally). She must avoid hazards (unprotected heights and dangerous moving mechanical parts). The claimant must avoid operating foot controls (bilaterally). She must avoid concentrated exposure to pulmonary irritants; and, she must avoid concentrated exposure to hot and cold, as well as humidity.
>
> In addition, the claimant is able to perform simple, routine, and repetitive tasks. She is able to make simple work-related decisions; and, she is able to concentrate, persist, and maintain pace with normal breaks. The claimant requires incidental interpersonal contact, with simple, direct, and concrete supervision.

(Tr. 22). With the help of a vocational expert, the ALJ determined that through her date last insured, Plaintiff could perform work as a small parts assembler. (Tr. 32).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on October 15, 2020. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 19, 20).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following points on appeal: 1) the RFC is inconsistent with the evidence; and 2) the ALJ did not prove at Step Five that there are jobs that Plaintiff can perform. (ECF No. 19). Defendant argues the ALJ properly considered all of the evidence including treatment records and medical opinion evidence, and the decision was supported by substantial evidence. (ECF No. 20). The Court has reviewed the entire transcript and the parties' briefs.

In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of the examining and non-examining agency medical consultants; Plaintiff's subjective complaints; and her medical records. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012)(burden of persuasion to demonstrate RFC and prove disability remains on

claimant).  A review of the record during the time period in questions revealed Plaintiff was able to babysit her four school-aged grandchildren; take care of her service dog; prepare simple meals; perform light household chores; drive alone; shop in stores for food and household items; take care of personal finances; watch television; work on craft projects; spend time with others in person and through social media; and go to her grandchildren's school. After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice.  *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 4th day of October 2021.

/s/   *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE